IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00511-STV

STEVEN G. SISNEROS,

   Plaintiff,

v.

MANHEIM DENVER,

   Defendant.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter comes before the Court on the Renewed Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion") [#21], filed by Defendant Manheim Remarketing, Inc., d/b/a Manheim Denver. [#21] Both parties have consented to proceed before this Court for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. [##10, 15, 16] This Court has carefully considered the Motion and related briefing, the case file and the applicable case law, and has determined that oral argument would not materially assist the Court. For the following reasons, the Court **GRANTS** the Motion to the extent it seeks dismissal of Plaintiff's Amended Complaint, but **DENIES** the Motion to the extent it seeks dismissal with prejudice.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

In January 2005, after serving 25 years with the United States Navy, Plaintiff was hired by Defendant as a vehicle inspector.[1]  [#20 at ¶¶ 1, 3]  In 2007, Plaintiff was promoted to Vehicle Entry Manager.  [*Id.* at ¶ 4]  As a result of the promotion, Defendant promised Plaintiff that his pay would be increased, but did not provide documents detailing the increase.  [*Id.* at ¶¶ 4, 6]  To the best of Plaintiff's knowledge, he was the only Hispanic manager while he worked for Defendant.  [*Id.* at ¶ 5]

Plaintiff's responsibilities grew and it became normal for him to work 12-14 hours per day, including holidays.  [*Id.* at ¶ 7]  In 2016, because Plaintiff was required to work on Thanksgiving, he contacted his supervisor and told him that his salary did not justify the long hours and holidays, and that he no longer wanted to work such hours.  [*Id.* at ¶¶ 8-9]  Plaintiff's supervisor responded that Plaintiff should not be upset because he had a Navy pension and did not need the money.  [*Id.* at ¶ 10]

Following that conversation, Plaintiff spoke with another supervisor, who informed Plaintiff that his compensation was below the company minimum for his position.  [*Id.* at ¶ 11]  Plaintiff spoke to the human resources department, which confirmed that Plaintiff was being paid below the position minimum, and raised Plaintiff's pay.  [*Id.* at ¶ 12]  Plaintiff claims that the new pay amount still fell below the company minimum for his position.  [*Id.*]

---

[1] The facts are drawn from the allegations in the Amended Complaint, which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir.2011)).

On March 1, 2018, Plaintiff filed an Employment Discrimination Complaint alleging that he was discriminated against based on race and age.[2] [#1] That Complaint did not contain any factual content supporting Plaintiff's claims. [*Id.*] On May 9, 2018, Defendant moved to dismiss the Complaint. [#13] At a status conference held on May 23, 2018, this Court granted Plaintiff leave to amend his Complaint and denied the original Motion to Dismiss. [#19] The Court specifically instructed Plaintiff to attach to an amended complaint all of the materials that he had filed with the Equal Employment Opportunity Commission ("EEOC"). [May 23, 2018 hearing, 11:02:21-11:02:55]

Plaintiff filed his Amended Complaint on June 15, 2018. [#20] On July 2, 2018, Defendant filed the instant Motion. [#21] Plaintiff did not timely respond, yet this Court *sua sponte* granted Plaintiff an extension. [#22] Eventually, Plaintiff filed a Response, which simply copied an earlier stricken amendment to the Amended Complaint. [#29; *see also* #26] Defendant replied to this Response. [#31]

## II.    STANDARD OF REVIEW

Defendant seeks to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [*See generally* #21]   Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically

---

[2] Plaintiff attached the EEOC Charge of Discrimination to the Complaint, as well as the EEOC Intake Questionnaire, but the Intake Questionnaire appears incomplete. [#1-1]

3

authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III. ANALYSIS

Exhaustion of administrative remedies is a prerequisite to suit for discrimination claims under Title VII. *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012). "[F]ailure to exhaust administrative remedies is a bar to subject matter jurisdiction." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002). As a result, the burden of demonstrating exhaustion rests with Plaintiff. *Id.*

The Court looks to the discrimination charge filed with the EEOC in determining whether administrative remedies have been exhausted. *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). "[A]dministrative remedies generally must be exhausted as to each discrete instance of discrimination or retaliation." *Apsley*, 691 F.3d at 1210. Because "each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted," the EEOC "charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Jones*, 502 F.3d at 1186 (quotations omitted). As a result, "a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* (quotation omitted).

5

Here, Plaintiff's EEOC charge does not give any facts underlying his allegations of discrimination. [#1-1 at 5] Rather, Plaintiff merely checked the boxes for national origin, age, and disability discrimination, and stated that Plaintiff believed he was discriminated against because of his age, national origin (Hispanic), and disability. [*Id.*] Neither the charge, nor the portion of the Intake Questionnaire provided to the Court, contain any facts to support Plaintiff's perceived discrimination.[3] [*Id.*at 5-6] Plaintiff's vague and conclusory statements in his charge that he believes he was discriminated against on the basis of age, national origin, and disability, without any facts to support that alleged discrimination, were insufficient to exhaust his administrative remedies. *See Manning v. Blue Cross & Blue Shield of Kansas City*, 522 F. App'x 438, 441 (10th Cir. 2013) (finding statements in charge, that plaintiff believed "she was treated unequally and denied employment opportunities due to her race and national origin, retaliated against in violation of her rights, [and] not offered a reasonable accommodation for diabetes and history of carpal tunnel and blood clots," "were too vague to give defendants notice of the challenged conduct"); *Richardson v. Rusty Eck Ford, Inc.*, No. 12-1313-KHV, 2013 WL 1704930, at * 6 (D. Kan. April 19, 2013) (analyzing *Manning* and several district court cases, and concluding that "although the standard for exhaustion is a low one, a charge must provide enough information to give an employer notice of the claims"). Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss [#21] to the extent it seeks dismissal of Plaintiff's Amended Complaint, and **DISMISSES** the Amended Complaint [#20]

---

[3] As noted above, at the May 23 status hearing, this Court instructed Plaintiff to attach to his Amended Complaint any documents he filed with the EEOC. Despite filing various employment documents with the Court [##24, 26], Plaintiff did not attach any documents to his Amended Complaint [*see* #20].

6

**WITHOUT PREJUDICE**. *See, e.g.*, *Kelly v. Wilson*, 426 F. App'x 629, 633 (10th Cir. 2011) (holding that dismissal for lack of subject matter jurisdiction must be without prejudice).

DATED: October 24, 2018                    BY THE COURT:

                                                                        s/Scott T. Varholak
                                                                        United States Magistrate Judge